Reese, J.
delivered the opinion of the court.
This is an action to recover the value of a horse owned by the plaintiff and given by him, he being a minor, to the defendant in exchange for another. Plaintiff lived with his father and was maintained by him, but being permitted to cultivate, for his own benefit, a portion of his father’s land, it is contended that a horse proper for agricultural operations became, under the circumstances, necessary for the infant, and that his contract for exchange will bind him.
The supposed error in the judgment below, which was in favor of the infant, hence mostly insisted on, is that the court charged the jury that the question whether necessaries or not is one exclusively for the court, with which the jury have nothing to do; and in the sense in which this was said by the court it is certainly correct. It is matter of law that the necessaries for which an infant may bind himself by contract, consists of diet, apparel, washing, lodging, schooling and medicine; but whether within these limits certain articles were in fact necessary and to what extent, becomes, in the language of Lord Kenyon, (I Esp. 212,) a relative fact to be governed by the fortune and circumstances of the infant. 8 T. R. 578. But it seems to us that .this question did not here arise. The question here is not for what necessaries and to what extent an infant may make himself liable, but whether an infant can sell or exchange his property ?
It has been held that if an infant sell goods the sale is void, and if the vendor takes them trespass will lie; but if the'infant deliver them with his own hands that form of action will not lie, but he may avoid the contract of sale. 1 Mod. 137. So it has been held *30 in this country, that an infant having sold personal property may at full age disaffirm the sale and reclaim the property. Williams vs. Morris, 2 Bibb, 107. But it is said that the contract of sale or exchange in this case is rendered valid, because the horse was, under the circumstances, necessary for the infant. But it has been ruled that if an infant become a shop-keeper and buy goods and wares for the use of his shop, the contract does not bind him. 1 Rol. 729: 2 Cro. 494. If he borrow money, though he afterwards employ it for necessaries, he is not liable to the vendor, 1 Rol. 279, or even if it were lent to him for the purpose of procuring necessaries, for the lender ought to provide them. 1 Rol. 386-7. The sale or exchange therefore, by parity of reasoning, would not be rendered valid merely because the thing obtained thereby might be necessary. But we are of opinion, also, that in this case the horse procured was not a necessary within the meaning of the law; we are also of opinion that the court did not err in holding that in such an action the plaintiff was entitled to recover the value of the property, and that the jury ought not to take upon themselves to make an equitable adjustment between the parties. Let the judgment be affirmed.